IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **STATS LLC D/B/A STATS PERFORM,**<br><br>        Plaintiff,<br><br>   v.<br><br>**HELEN SUN,**<br><br>        Defendant. | Case No. 20-cv-03717<br><br>Judge Robert M. Dow, Jr. |

### AGREED ORDER

In connection with STATS LLC d/b/a Stats Perform's ("Plaintiff" or "STATS") Motion for Temporary Injunction in this matter, the parties agree, and the Court ORDERS as follows:

    1.    Within four (4) days of the Court's entry of this Order, the parties will agree upon a forensic protocol ("Protocol") for a third party neutral forensic provider to be agreed-upon by the parties ("Forensic Provider") to do forensic imaging, searching and inspection of the devices and accounts at issue for any possession, use, transmittal, deletion and/or disclosure of Plaintiff's property, especially its confidential information and trade secrets (the "Forensic Review"). The Protocol shall also provide for return of devices to Sun, measures to protect confidentiality, and the ability of the parties to petition the court for appropriate relief.

    2.    Within seven (7) days of the Court's entry of this Order, the parties will submit the Protocol to the Court for review and entry as an order (the "Protocol Order").

    3.    The Forensic Provider shall be Protek International. STATS shall bear the cost of the Forensic Review.

    4.    As to the **STATS-owned iPhone** used by Sun during her STATS employment (the "STATS iPhone"), within seven (7) days of entry of the Protocol Order, STATS will send the STATS iPhone to the Forensic Provider. Sun will cooperate fully with the Forensic Provider and take all necessary and requested steps to assist the Forensic Provider with unlocking the STATS iPhone.

    5.    As to the **iCloud account** created by Sun using her stats.com email address, (the "iCloud Account"), within seven (7) days of entry of the Protocol Order, Sun will cooperate fully with the Forensic Provider and take all necessary and requested steps to assist the Forensic Vendor with accessing the iCloud Account.

    6.    As to the **personal iPad** used by Sun during her employment (the "Sun iPad"), within seven (7) days of entry of the Protocol Order, Sun will send the Sun iPad to the Forensic

1

Provider. Sun will cooperate fully with the Forensic Provider and take all necessary and requested steps to assist the Forensic Vendor with accessing the iPad.

7. As to Sun's **Hotmail** email account (dr_helensun@hotmail.com) and any other email account through which she conducted business with or for STATS or its affiliates (the "Sun Email"), within seven (7) days of the Court's entry of the Protocol Order, Sun will send the Sun Email account(s) login and password information to the Forensic Provider. Sun will cooperate fully with the Forensic Provider and take all necessary and requested steps to assist the Forensic Vendor with accessing the Sun Email. If Sun maintains that there is no email account other than dr_helensun@hotmail.com (and her company email account) that she ever used for work during her employment with STATS she will attest to this fact in a sworn statement filed with the Court.

8. Sun represents to the Court and Plaintiff that she owns a **personal computer** (the "Sun PC") and a **personal phone** ("Sun Personal Phone"), but did not use either device for her work with STATS other than in a *de minimis* or incidental manner (if at all). Sun will attest to this fact in a sworn statement filed with the Court.

9. With respect to the **Sun PC** and the **Sun Personal Phone** and other **electronic devices** in Sun's household that were used at any time by Sun to conduct business with or for STATS or its affiliates, including without limitation computers, personal communications devices, laptops, tablets, cloud based media, flash drives, phones, email accounts, or other storage devices (collectively the "Electronic Devices"), within seven days of the Court's entry of this Order, Sun will conduct a thorough search for STATS' and its affiliates' documents and information on all Electronic Devices. Within the same time frame, she will provide a sworn statement to this Court identifying the Electronic Devices searched, identifying any of STATS' or its affiliates' documents and information found on the Electronic Devices, stating that she has returned all such documents and information to STATS, and stating that she has permanently removed all such documents and information from the Electronic Devices and none of it remains in her possession, custody or control or is accessible by her.

10. Prior to executing the steps set forth above in Paragraphs 4-9 above, Sun will not delete from the iCloud Account, the Sun iPad, any Sun Email, or any Electronic Devices (including without limitation the Sun PC and the Sun Personal Phone) any documents or information belonging to STATS or its affiliates or that originated with STATS or its affiliates, and will not take any steps to preclude or hinder the Forensic Provider's examination of any of the devices or email accounts provided to the Forensic Provider for evidence of possession, use, transmittal, deletion, disclosure or other disposition of STATS' and its affiliates' information or property.

11. Sun has acknowledged that she is in possession of the documents, information, or materials set forth in the Document Log attached to her Second Declaration (Dkt. 25-1). With respect to these and any other documents, information, and materials furnished by STATS or its affiliates in connection with Sun's employment or that are the property of STATS or its affiliates (in electronic or hard-copy form) which are subsequently located in Sun's Chicago home or elsewhere, including on any of the Electronic Devices searched pursuant to Paragraph 9, Sun will return all such documents, information, and materials to STATS within seven (7) days of the Court's Order, and will provide a sworn statement to this Court that she has done so. With respect to the Electronic Devices that are not provided to the Forensic Provider pursuant to this Order,

other than returning and deleting documents, information and materials pursuant to this Paragraph, Sun shall take no further steps at any time to erase or obscure evidence of her possession, use, transmittal, deletion, disclosure or other disposition of STATS' and its affiliates' information or property.

12. Sun, and all parties in concert or participation with her (including without limitation immediate family members whose devices she may have used in the conduct alleged in the Verified Complaint) – to whom Sun will provide a copy of this Order – shall not use, publish, broadcast, sell, distribute, share, release, convey or otherwise make any statements regarding any of Plaintiff's or its affiliates' confidential, proprietary and/or trade secret information. If true, Sun will provide a sworn statement to this Court that the above parties have not used, published, broadcasted, sold, distributed, shared, released, conveyed or otherwise made any statements regarding such information.

13. Sun, and all parties in concert or participation with her (including without limitation immediate family members whose devices she may have used in the conduct alleged in the Complaint) – to whom Sun will provide a copy of this Order – shall not retain, utilize and/or disclose confidential and/or trade secret information. If true, Sun will provide a sworn statement to this Court that the above parties have not retained, utilized, and/or disclosed such information.

14. Sun shall abide by all of her legal obligations to Plaintiff, including with respect to the Employment Agreement and the Employment and Restrictive Covenants Agreement, entered into between Plaintiff and Sun (collectively the "Agreement"), including with respect to her obligations of non-use and non-disclosure of Plaintiff's confidential information and trade secrets.

15. Other than as specified above, the parties will preserve and not delete any information relating to this litigation, especially relating to Sun's possession, use and/or disclosure of Plaintiff's confidential information and trade secrets.

16. The parties reserve all other rights as to fees and costs.

Dated: July 19, 2020

_____
Robert M. Dow, Jr.
United States District Judge